834

Julio Cesar CERON–PINEDA,
Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–73170.
Agency No. A70–077–766.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.**

Decided Dec. 18, 2003.

Michael Hernandez, Los Angeles, CA, Frank E. Ronzio, Ronzio & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Jennifer L. Lightbody, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

---

* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM***

Julio Cesar Ceron–Pineda, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Gonzales v. INS*, 82 F.3d 903, 907–08 (9th Cir.1996), and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Ceron–Pineda failed to establish that he was persecuted, or has a well-founded fear of future persecution, on account of an enumerated ground. *See Elias–Zacarias v. INS*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Ceron–Pineda testified that guerillas beat him on two occasions and sent him anonymous letters threatening his life because he resisted recruitment. However, Ceron–Pineda failed to demonstrate that he suffered this treatment on account of his actual or imputed political opinion. *See id.* at 483–84.

■ Contrary to Ceron–Pineda's contention, the IJ properly relied on the State Department reports indicating changed country conditions in Guatemala. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (when a petitioner has not established past persecution, the IJ is entitled to rely on a State Department report in considering whether the petitioner has

*** This disposition is not appropriate for publication and may not be cited to or by the

demonstrated a reasonable fear of future persecution).

■ It follows that Ceron–Pineda failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

■ Substantial evidence supports the IJ's conclusion that Ceron–Pineda is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he will be tortured upon return to Guatemala if he is deported. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

To the extent that Ceron–Pineda raises a challenge to the BIA's streamlining procedures, any such argument is foreclosed by this court's recent decision in *Carriche v. Ashcroft*, 350 F.3d 845, 849–49 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.